This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37882

**BOARD OF EDUCATION OF THE JEMEZ MOUNTAIN SCHOOL DISTRICT,**

      Plaintiff-Appellee,

v.

**HEIDI WALKER,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Judge**

German Burnett & Associates, LLC
Kari E. Cole
Jason M. Burnette
Albuquerque, NM

for Appellee

Law Offices of Michael E. Mozes, PC
Michael E. Mozes
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}**    Defendant appeals from the district court's order enforcing a settlement agreement between the parties. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition and Plaintiff

filed a memorandum in support, both of which we have duly considered. Remaining unpersuaded by Defendant's arguments, we affirm.

**{2}**     In our calendar notice, we proposed to conclude the district court did not err in determining the parties had entered into a settlement agreement on September 28, 2017, and in finding that Defendant authorized her attorney to agree to the terms on her behalf. [CN 4-5] Defendant's memorandum in opposition does not respond to our proposed conclusion regarding her attorney's authority and we thus consider Defendant to have abandoned that issue. *State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

**{3}**     In her memorandum in opposition, Defendant argues the parties failed to reach agreement on a term regarding Defendant's ability to present evidence to the Public Education Department (PED). [MIO 7-11] However, there is clear evidence in the record that both parties agreed, on September 28, 2017, that nothing would limit Defendant's ability to present evidence to the PED. [CN 3; RP 57-58, 151] As we stated in our calendar notice, neither the terms agreed upon by the parties on September 28, 2017, nor the version of the settlement agreement that the district court determined reflects the agreement of the parties limits Defendant's ability to present evidence to the PED. [CN 3] Defendant claims Plaintiff's attempts to narrow the scope of this term by proposing limiting language in draft settlement agreements showed a lack of mutual assent and served to revoke Plaintiff's initial acceptance of the term. [MIO 8-11] However, the evidence shows that throughout the course of drafting discussions regarding precise language, Plaintiff continued to recognize its prior agreement that Defendant would not be limited from presenting evidence to the PED. [RP 110, 121 (explaining that Plaintiff's position is that nothing in the language limits Defendant's ability to respond to any PED process), 123 (expressing Plaintiff's intention that Defendant be able to make a full throated defense with PED if needed)] *See Jones v. Schoellkopf*, 2005-NMCA-124, ¶ 8, 138 N.M. 477, 122 P.3d 844 ("[W]e review the evidence in the light most favorable to support the trial court's findings, resolving all conflicts and indulging all permissible inferences in favor of the decision below."); *Eckhardt v. Charter Hosp. of Albuquerque, Inc.*, 1998-NMCA-017, ¶ 39, 124 N.M. 549, 953 P.2d 722 ("When the existence of a contract is at issue and the evidence is conflicting or permits more than one inference, it is for the finder of fact to determine whether the contract did in fact exist." (alteration, internal quotation marks, and citation omitted)).

**{4}**     Defendant has not otherwise asserted any facts, law, or argument in her memorandum in opposition that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "a party responding to a summary calendar notice must come forward

and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{5}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order.

**{6}     IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**ZACHARY A. IVES, Judge**